(No. 33501.— )

Rose Hesseltine, also known as Rose Roman, Appellee,
*vs.* The State Athletic Commission, Appellant.

*Opinion filed May 20, 1955.*

Latham Castle, Attorney General, of Springfield,
(William C. Wines, Raymond S. Sarnow, and A. Zola
Groves, of counsel,) for appellant.

David J. Freed, of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the
court:

Rose Hesseltine, also known as Rose Roman, applied
to the Illinois State Athletic Commission for a permit to
wrestle. The customary fee and medical report accom-
panied the application. Without affording her any hear-
ing, the commission denied the application on the ground
that its Rule No. 182 prohibits women from participating
in wrestling exhibitions in Illinois. She thereafter filed a
complaint under the Administrative Review Act in the
circuit court of Cook County, to review the decision of

the commission. After a hearing the circuit court found that the rule relied upon by the commission constituted "an invalid usurpation by the Commission of a legislative function." An order was entered reversing the decision and remanding the case to the commission with directions to accept plaintiff's application and issue to her a license to wrestle in the State of Illinois. The commission appeals directly to this court, claiming a constitutional question is involved.

Appellant contends that the legislature may enact or authorize reasonable regulations prohibiting women from engaging in designated activities where the regulations are based upon the physical differences between men and women; and that the General Assembly may validly delegate to the Illinois Athletic Commission the power to prohibit professional wrestling by women. Appellee insists, on the other hand, that excluding persons from engaging in wrestling exhibitions on the sole basis of sex is an unwarranted discrimination; that even if the legislature has the power to deprive women of their right to engage in such lawful enterprises, the power cannot be delegated to an administrative agency; that a delegation of the power to adopt the rule in question vests in administrative officers a discretion not only as to the administration of the act but also to determine what the law shall be; and that the legislature cannot delegate its own inherent function to declare the law.

It is unnecessary in this case, however, to decide the serious constitutional questions which might arise if the legislature purported to prohibit women from participating in professional wrestling, or to delegate to the commission the power to adopt such a prohibition. It is clear, as appellee points out, that the present statute does not purport to do so. While appellant asserts that the power to adopt the present rule is delegated by the statute, no argument or showing whatever is made to support the statement.

It is not contended that the power is expressly conferred. Section 20 of the statute (Ill. Rev. Stat. 1953, chap. 10 4/5, par. 20,) which concerns the persons who may engage in wrestling matches, contains no intimation that women may be excluded. The provisions upon which appellant relies are contained in section 10 and read as follows: "The commission may, in its discretion, issue, under the name and seal of the State athletic commission, an annual license in writing for holding such boxing, sparring, and wrestling matches or exhibitions, to any person, club, corporation, gymnasium, or association, who, or which, in the discretion of the State athletic commission, is, properly qualified for the holding of such exhibitions, and shall have the right to, and are hereby put under the obligation of, adopting reasonable rules and regulations, to establish the qualifications of the applicants for such license,.which rules and regulations shall be such as to carry out the spirit of this Act and shall not be inconsistent herewith."

Section 10 obviously cannot be construed to grant authority for the adoption of a rule prohibiting women from participating in wrestling exhibitions. It does not undertake to deal with the qualifications required for persons desiring to engage in professional wrestling, but is limited to the matter of issuing licenses and permits to persons, clubs, corporations, etc., for the holding of exhibitions. The power conferred therein to adopt "reasonable rules and regulations to establish the qualifications of the applicants for such license" relates only to licenses to hold exhibitions. The State Athletic Commission is a statutory body, and its powers and duties are regulated by statute. (Ill. Rev. Stat. 1953, chap. 10 4/5, pars. 1 to 34.) It is a well-settled rule that since such a commission exercises purely statutory powers it must find within the statute its warrant for the exercise of any authority which it claims. (*People ex rel. Polen* v. *Hoehler*, 405 Ill. 322.) As we have indicated, appellant makes no attempt to point out

how the provisions quoted could be construed to authorize or justify the rule in question, and our examination fails to disclose any such authority. We conclude, therefore, that the rule is an arbitrary assumption of power by the commission, and that the circuit court properly held it invalid.

In view of our conclusion it becomes unnecessary to consider the important constitutional issues argued by the parties and the authorities cited in support of their respective positions thereon. The order of the circuit court of Cook County is affirmed. *Order affirmed.*